# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  **Plaintiff,** vs. **IVAN MENDOZA-RICO,** *et al,*,  **Defendant.** | CASE NO: CR04-257-S-EJL  **MEMORANDUM ORDER** |

Pending before the Court in the above-entitled matter is Defendant's, Jose Farith Vargas-Gallegos, motion to continue the November 1, 2005 trial date. (Dkt. No. 400). The motion has been joined by Defendant Mauricio Mendina-Martinez and Defendant Lori Sherman has filed a non-opposition to the request. (Dkt. Nos. 403, 406). Defendant Ivan Mendoza-Rico has filed an objection to the motion (Dkt. No. 404) and the Government has filed a response (Dkt. No. 407).

**Procedural Background**

The original indictment in this matter was filed on December 14, 2004 whereupon a jury trial was scheduled for March 1, 2005. (Dkt. No. 1). On January 28, 2005, the Court entered an order granting Defendant Mendoza-Rico's motion to continue and the trial date was rescheduled for May 24, 2005. (Dkt. No. 99). The trial was again continued and reset for May 31, 2005. (Dkt. No. 140). A superseding indictment was filed on April 14, 2005 (Dkt. No. 203) and, as a result, the trial was continued to June 21, 2005. Defendant Vargas-Gallegos then filed a motion to continue (Dkt. No. 311) which the Court granted and rescheduled the trial date for its current setting of November 1, 2005 (Dkt. No. 313). In that order the Court made clear to all counsel that this would be the final trial

setting and that "[t]he parties are directed to be prepared to begin the trial on this date." (Dkt. No. 313). In addition from the date of that order, as the Court stated, counsel had five months in which to prepare for trial. (Dkt. No. 313). Pretrial motions were to be filed on September 19, 2005, responsive briefing is due on October 10, 2005, and reply briefs are due on October 17, 2005. (Dkt. No. 313). As such, the Court has afforded all parties in this matter ample time to investigate and prepare for trial. More importantly, the Court made clear that the November 1, 2005 trial date was final.[1] The Court's position has not changed.

## Discussion

From its inception, this case has had the potential of resulting in the death penalty for Defendant Mendoza-Rico and later, after filing of the superseding indictment, for Defendant Vargas-Gallegos. The Court has had to rule upon numerous motions for approval of the expenditure of investigative and expert fees and motions to extend filing deadlines in addition to a host of other motions all in an effort to calendar the trial in this matter for November 1, 2005. While the motions are all entirely appropriate, many, if not all, of these motions have been made by the Defendants in this matter in anticipation of the possibility that the death penalty could be sought in this case. Given no other choice, the defense counsel and this Court have been left in the precarious situation of expending a great deal of time and money to prepare for and schedule this case as if it carried the death penalty.

In all cases which carry the possibility of the death penalty, the Government is required to provide notice pursuant to 21 U.S.C. § 848(h), which states

> (1) Whenever the Government intends to seek the death penalty for an offense under this section for which one of the sentences provided is death, the attorney for the Government, a reasonable time before trial or acceptance by the court of a plea of guilty, shall sign and file with the court, and serve upon the defendant, a notice –
> (A) that the Government in the event of conviction will seek the sentence of death; and
> (B) setting forth the aggravating factors...and any other aggravating factors which the Government will seek to prove as the basis

---

[1] Defendant Mendoza-Rico filed an objection to the trial setting (Dkt. No. 319) which now appears to be moot in light of his recent objection to the motion to continue (Dkt. No. 404). Defendant Vargas-Gallegos joined in the initial objection to the trial setting (Dkt. No. 328) which appears to remain his position regarding the November 1, 2005 trial date.

MEMORANDUM ORDER-Page 2
05ORDERS\Mendoza_trial

>   for the death penalty.
>   (2) The court may permit the attorney for the Government to amend this notice for good cause shown.

Given the severity of the death penalty and the necessary investigation and preparation required of defense counsel in such cases, the notice requirement of § 848(h) is entirely appropriate and necessary. As of this date the Government has not filed such a notice.

The § 848(h) notice is one of the prerequisites that the Government must satisfy in order to seek the death penalty. See United States v. Johnson, 378 F.Supp.2d 1049, 1051 n. 1 (N.D.Iowa May 03, 2005) (recognizing that a motion to strike the death penalty may be granted where the government fails to satisfy its procedural prerequisites, such as to give notice of its intent to seek the death penalty for a § 848 offense a reasonable time before trial.). There is, however, no corresponding procedure or requirement that the Government notify the Court and counsel that it will not seek the death penalty. Federal Criminal Rule of Procedure 57(b) provides that where there is no controlling law "[a] judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."[2] "All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc., 244 F.3d 1128, 1136-37 (9th Cir. 2001) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43-44 (1991)). "Through this power, courts have the ability to punish conduct both within their confines and beyond, regardless of whether that conduct interfered with trial." Id. (citing Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787, 798 (1987)). "As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines." Id. (citation omitted). "Courts have the ability to address the full range of litigation abuses through their inherent powers. While it is preferable that courts utilize the range of federal rules and statutes dealing with misconduct and abuse of the judicial system, courts may rely upon their inherent powers to sanction bad faith conduct even where such statutes and rules are in place." Id.

The Government's response to the instant motion to continue states that the determination regarding whether to pursue the death penalty in this case has not been made although the Department

---

[2] Likewise, the Federal Civil Rules of Procedure allow a court to dismiss an action for failure of the plaintiff to comply with any order of the court. Fed. R. Civ. P. 41(b); see also Guam Sasaki Corp. v. Diana's Inc., 881 F.2d 713, 716 (9th Cir. 1989) (citing Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170 (9th Cir. 1975) (citing O'Brien v. Sinatra, 315 F.2d 637 (9th Cir. 1963)).

of Justice is aware of the November 1, 2005 trial date. (Dkt. No. 407). In addition, the Government states it is prepared for trial on November 1, 2005 and it desires to proceed to trial with all defendants.[3] (Dkt. No. 407). While the Court can appreciate the demands upon the Department of Justice, the Court finds that a § 848(h) notice at this point would be wholly unreasonable in light of the November 1, 2005 trial date. Given that this matter was indicted in December of 2004 and, presumably, had been investigated well before that time and that the Court was clear that the November 1, 2005 trial setting was final, the Court denies the Defendants' motions to continue and all counsel are advised to prepare for the trial in this matter as a non-death penalty case on November 1, 2005.

The interests of justice demand and the Defendants all have a right to have this matter heard in an expeditious manner. 28 U.S.C. § 3161 *et seq*. The discovery and investigation necessary in this case is undoubtedly complex and voluminous, however, the Court has afforded ample notice, time, and resources to prepare for the trial in this matter. In addition, the Court has gone to great pains to schedule this case in its calendar. This district has attempted for several years to secure a third district court judge in this district without success. Calendaring and scheduling large trials, such as this one, cause an enormous strain on this District and this Court such that last minute activity which forces a change in the trial date are a huge waste of resources and unacceptable. The Court could not have been more clear that the November 1, 2005 trial setting was final. This applies to all parties whether it be defense counsel or the Government.

Based on the foregoing, the Court denies the motions to continue (Dkt. No. 400, 403, 406). This matter shall proceed to trial as to all defendants as a non-death penalty case on November 1, 2005.[4] Eliminating the possibility of the death penalty addresses the bulk of defense counsels' concerns in the motion to continue and affords counsel over a month to prepare for trial. Further, because the date for filing pretrial motions has passed while the Court was considering this motion,

---

[3] The Government has filed a motion for dual juries which the Court will rule upon when the responsive briefing is completed. (Dkt. No. 408).

[4] Defendant Mendoza-Rico recently filed a motion to sever (Dkt. No. 414) which the Court will consider when the parties have filed their responsive briefing.

the Court will grant the parties leave to file their pretrial motions until on or before September 26, 2005. Responses and reply briefs shall be due on October 10, 2005 and October 17, 2005 as previously ordered.[5]

## ORDER

**THEREFORE IT IS HEREBY ORDERED** as follows:

1) Defendant's motion to continue (Dkt. Nos. 400, 403, 406) are **DENIED**.

2) The parties shall have until on or before September 26, 2005 to file any pretrial motions. Deadlines for responsive briefs shall be as previously ordered. (Dkt. No. 313.

3) The trial as to all defendants in this matter shall proceed as a non-death penalty case on November 1, 2005.

DATED: **September 21, 2005**

_____
Honorable Edward J. Lodge
U. S. District Judge

---

[5] Although an argument could be made that the responsive briefing time should also be extended, to do so would not allow the Court time to consider and rule upon any motions which may be filed. Therefore, the deadlines for responsive briefing remain as previously ordered. (Dkt. No. 313).